# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A. KEVIN FAHEY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　　　　　Defendant. | CASE NO. 1:20-cv-534<br><br>[Removal from the Superior Court of the District of Columbia, Case No. 2020 CA 000325 B]<br><br>ACTION FILED:  January 14, 2020<br><br>COMPLAINT SERVED:  February 4, 2020 |

## NOTICE OF REMOVAL OF ACTION BY DEFENDANT APPLE INC.

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(a), and 1446, Defendant Apple Inc. hereby removes to the United States District Court for the District of Columbia the above-captioned action, originally filed as Case No. 2020 CA 000325 B in the Superior Court of the District of Columbia.  Removal is proper on the following grounds:

### TIMELINESS OF REMOVAL

1.　　　On January 14, 2020, Plaintiff A. Kevin Fahey filed a Complaint on behalf of himself and a putative class in the Superior Court of the District of Columbia.

2.　　　Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Apple are attached as Exhibits A-D respectively.

3.　　　Plaintiff served Apple with the Summons and Complaint on February 4, 2020. *See* Ex. B.  This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed.  *See UMC Dev., LLC v. District of Columbia*, 982 F. Supp. 2d 13, 19 (D.D.C. 2013) (defendant's notice of removal was timely when filed "within thirty days").

**THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

4.      Plaintiff's Complaint alleges that Apple violated Section 2 of the Sherman

Antitrust Act, 15 U.S.C. § 2, by allegedly monopolizing or attempting to monopolize the

supposed aftermarket for iPhone applications.  *See* Ex. A (Compl.) ¶¶ 77-80, 81-86.  The

Complaint, which is almost identical to a class action complaint pending since 2013 in the U.S.

District Court for the Northern District of California, claims that Apple monopolized the iPhone

app market by preventing iPhone users from installing apps from sources other than Apple's App

Store.  *E.g.*, *id.* ¶ 78.  Plaintiff claims this alleged conduct also violated the District of Columbia

Antitrust Act, D.C. Code § 28-4502 *et seq.*, and the District of Columbia Consumer Protection

Procedures Act, D.C. Code § 28-3904.  *Id.* ¶ 87-93.  Plaintiff seeks to represent the following

putative class:

> All persons, exclusive of Apple's employees[,] agents and affiliates and the
> Courts and its employees[,] who purchased in the District of Columbia an iPhone
> application or application licenses from Apple for use on an IPhone [*sic*] at any
> time from December 29[,] 2007 throughout the date of any judgment or final
> settlement in this action.

*Id.* ¶ 70.

**A.      Plaintiffs' Civil Action Arises Under the Laws of the United States**

5.      Based on the foregoing allegations, this Court has original jurisdiction over this

federal antitrust lawsuit pursuant to 28 U.S.C. § 1331 because it is a "civil action[] arising under

the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see also Brown v.

Potomac Elec. Power Co.*, 306 F. Supp. 3d 194, 198-99 (D.D.C. 2018) ("The presence or

absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

provides that federal jurisdiction exists only when a federal question is presented on the face of

the plaintiff's properly pleaded complaint." (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386,

392 (1987))).  Accordingly, removal of this action is proper because it "could have been filed in federal court in the first instance."  *Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Am. Mar. Officers*, 75 F. Supp. 3d 294, 300 (D.D.C. 2014).

## B.   This Court Has Diversity Jurisdiction Under CAFA

Additionally, this Court has diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

6.     **The Putative Class Contains More Than 100 Members.**  Plaintiff's putative class includes anybody who purchased an iPhone app in the District of Columbia within at least the last 12 years.  Ex. A (Compl.) ¶ 70.  There are more than 100 members of this putative class. *See* 28 U.S.C. § 1332(d)(5)(B) ("the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more).

7.     **The Amount Placed in Controversy Exceeds $5 Million.**  Apple denies any liability in this case and intends to vigorously oppose class certification—and Apple expressly reserves all of its rights to do so.  However, for purposes of the jurisdictional requirements for removal only, Apple has a good faith basis to believe, and on that basis avers, that the allegations in Plaintiff's Complaint put more than $5 million in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6) (claims of individual class members set forth in the Complaint are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs").  Plaintiff describes the alleged market for iPhone apps as a "multi-billion dollar market" and claims that, because of Apple's allegedly anticompetitive conduct, U.S. consumers have paid "hundreds of millions of dollars more for iPhone apps than they would have paid in a competitive market."  Ex. A (Compl.) ¶ 17; *see also id.* ¶ 19, 24.  Because the Complaint alleges that Apple has charged a "supra-competitive 30%

fee from iPhone consumers for each and every one of the billions of iPhone apps they have bought since the iPhone's launch," *id.* ¶ 17, and seeks treble damages in connection with transactions within this market of all members of the class described above over more than the past 12 years, the amount placed in controversy exceeds $5 million. Apple therefore has a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (describing requirements for notice of removal under CAFA).

8.      **Diversity is Undisputed.** Plaintiff is a Virginia resident. Ex. A (Compl.) ¶¶ 11, 32. Plaintiff also acknowledges that Apple is a California corporation. *Id.* ¶ 33. Under CAFA, federal diversity jurisdiction exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." *McMullen v. Synchrony Bank*, 82 F. Supp. 3d 133, 137 (D.D.C. 2015) (quoting 28 U.S.C. § 1332(d)(2)(A)). It is apparent from the face of the Complaint that diversity exists.

## CONCLUSION

9.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States.

10.      This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(d) because: this is a "class action" within the meaning of § 1332(d)(1)(B); Plaintiff alleges that the action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B); the alleged amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(6); and a member of the proposed class is a citizen of a state different from the defendant, as required by § 1332(d)(2)(A).

11.     Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

12.     Venue is proper in United States District Court for the District of Columbia under 28 U.S.C. § 1441(a) because the District of Columbia, where this action is currently pending, is served by this federal district.

13.     Upon filing the Notice of Removal, Apple will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Superior Court of the District of Columbia, pursuant to 28 U.S.C. § 1446(d).

Apple therefore removes this action from the Superior Court of the District of Columbia and respectfully requests it proceed in this Court as a matter properly removed.

Dated:      February 24, 2020

GIBSON, DUNN & CRUTCHER LLP

By:      */s/ Melanie L. Katsur*

Melanie L. Katsur (D.C. Bar No. 484969)

GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:      (202) 955 8500
Facsimile:      (202) 467 0539

*Counsel for Defendant Apple Inc.*