UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A. KEVIN FAHEY,<br><br>      *Plaintiff*,<br><br>   v.<br><br>APPLE INC.,<br><br>      *Defendant.* | No. 20-cv-0534 (DLF) |

## ORDER

    Before the Court is the defendant's Unopposed Motion to Transfer this case to the Northern District of California, pursuant to 28 U.S.C. § 1404(a).  *See* Dkt. 10.  Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice," a district court may transfer a case to any district where it might have been brought.  28 U.S.C. § 1404(a).  The Court will grant the motion for the following reasons.

    First, this case "might have been brought" in the Northern District of California.  Venue is proper in the Northern District of California because the defendant, Apple Inc., is headquartered and does business there.  California has personal jurisdiction over Apple because it is incorporated in California.

    Second, transfer is in the interest of justice.  The plaintiffs do not oppose the transfer and the *Pepper* Action—a consolidated class action that is "substantially identical in form and substance" to this case—has been pending in the Northern District of California for almost a decade.  *See* Def.'s Mot. at 1–2; Second Am. Compl., *In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714-YGR (N.D. Cal. Sept. 5, 2013), ECF No. 111.  The *Pepper* Action is still in the

early stages of discovery, *see* Def.'s Mot. at 5, so the plaintiffs will not be prejudiced by transferring the case.

For these reasons, the Court grants the defendant's Unopposed Motion to Transfer. Accordingly, it is

**ORDERED** that the Unopposed Motion to Transfer, Dkt. 10, is **GRANTED**.  It is further

**ORDERED** that this case be **TRANSFERRED** to the United States District Court for the Northern District of California.

Once transferred, the Clerk of Court is directed to close this case.

February 27, 2020

DABNEY L. FRIEDRICH
United States District Judge